Case: 37CI1:21-cv-00088-AM   Document #: 2   Filed: 08/02/2021   Page 1 of 6

## IN THE CIRCUIT COURT OF LAMAR COUNTY, MISSISSIPPI

**TOMMIE LANDRUM**                                                           **PLAINTIFF**

VS.                                           CAUSE NO. 37:21CV088

**WAL-MART STORES EAST, LP;**                                    **DEFENDANTS**
**AND JOHN DOES 1-10**

### COMPLAINT

Plaintiff, TOMMIE LANDRUM, by and through the undersigned counsel, hereby sues Defendants, WAL-MART STORES EAST, LP, and John Does 1-10, and alleges as follows:

1.      This is an action for damages within the jurisdictional limits of the court. The actual value of Plaintiff's claim will be determined by a fair and just jury.

2.      Plaintiff, TOMMIE LANDRUM, is a natural person residing at 8 McSwain Rd., Hattiesburg, MS 39401.

3.      The Defendant, Wal-Mart Stores East, LP, is a foreign Limited Partnership incorporated in the State of Delaware, with its principal place of business in Arkansas, and doing business in the State of Mississippi, whose agent for service of process is C.T. Corporation System, located at 645 Lakeland East Drive, Suite 101, Flowood, Mississippi 39232.

4.      Defendants, John Does 1-10, are the owners, operators, managers, and all other entities, corporate and/or individuals, of Wal-Mart Stores Inc., and/or other persons, entities, corporations, etc. that were at and/or responsible for the condition of the floors at the location in question, located at 6072 US-98, Hattiesburg, MS 39402, in Lamar County, who were in some manner negligently and proximately responsible for the events and happenings alleged in this



F I L E D

LAMAR
COUNTY   AUG 02 2021   CIRCUIT
CLERK



DEFENDANT'S
EXHIBIT
A

Complaint and for the Plaintiff's injuries and damages. Plaintiff will amend this Complaint to allege the true capacity of these parties when they are ascertained.

5.    At all times material hereto, Defendant, was the owner and in possession of that certain business located at 6072 US-98, Hattiesburg, MS 39402, in Lamar County, MS, open to the general public, including the Plaintiff herein.

6.    On or about May 28, 2020, Plaintiff, TOMMIE LANDRUM, visited Defendant's premises located at the above address as a business invitee and/or guest.

7.    At said time and place, Plaintiff, TOMMIE LANDRUM, was a lawful guest upon the premises of the Defendant, who owed Plaintiff a nondelegable duty to exercise reasonable care for his safety.  Plaintiff slipped and fell due to a liquid/foreign substance that was dropped on the floor by an employee and was allowed to remain on the floor.

## COUNT I – CLAIM FOR PREMISES LIABILITY
## AGAINST DEFENDANT, WAL-MART STORES EAST, LP

8.    Plaintiff realleges and reasserts the allegations contained within paragraphs one (1) through seven (7) as if fully set forth herein.

9.    At said time and place, Defendant owed Plaintiff duties to maintain the premises in a reasonably safe condition, and to warn Plaintiff of dangerous conditions on their premises.

10.    At said time and place, Defendant breached these duties to Plaintiff by committing one or more of the following omissions or commissions:

a)    Negligently failing to maintain or adequately maintain the floors on the premises, thus creating a hazard to members of the public utilizing said premises, including the Plaintiff herein, thus creating an unreasonably dangerous condition for Plaintiff.

b)    Negligently allowing a liquid substance to remain on the floor, creating a dangerous hazard to members of the public utilizing said premises,

including the Plaintiff herein, thus creating an unreasonably dangerous condition for Plaintiff.

c) Negligently failing to inspect or adequately inspect the floor, as specified above, to ascertain whether the floor was free and clear of all dangerous conditions. The poorly maintained condition of the floor constituted a hazard to patrons in the area, including the Plaintiff herein, thus creating an unreasonably dangerous condition to the Plaintiff.

d) Negligently failing to inspect or adequately warn the Plaintiff of the danger of the liquid and whereas a sign was not apparent to guests where the incident occurred when Defendant knew, or through the exercise of reasonable care should have known, that said floor was unreasonably dangerous and that Plaintiff was unaware of same.

e) Negligently failing to correct and/or inspect and/or maintain the unreasonably dangerous condition of the floor, when said condition was either known to Defendant or had existed for a sufficient length of time such that Defendant should have known of same had Defendant exercised reasonable care.

f) Negligently failing to have adequate staff on duty and/or assigned to the task of inspecting and/or maintaining the floors of the premises or dangerous conditions.

g) Negligently failing to train and/or inadequately training its employees to inspect and/or maintain the floors and to provide visibility of notice for dangerous conditions.

h) Negligently failing to follow its own corporate policy(ies) regarding the dangerous condition.

i) Negligently failing to act reasonably under the circumstances.

11. As a result, while Plaintiff was visiting Defendant's business, the signage, "Wet Floor" was not near and around the spill site. The Plaintiff slipped and fell to the ground, sustaining significant personal injuries causing severe constant pain in his left knee, frequent aching pain in both arms, neck and severe aching pain in both trapezii and mid back pain.

12. As a direct and proximate result of the negligence of the Defendant, Plaintiff suffered bodily injury resulting in constant pain and suffering. The Plaintiff has suffered the loss of

the enjoyment of life, expense of hospitalization, medical and physical therapy expenses. The losses are either permanent or continuing and Plaintiff will suffer the losses in the future.

WHEREFORE, the Plaintiff, TOMMIE LANDRUM, sues the Defendant and entities for damages within the jurisdictional limits of the court, and demands trial by jury of all issues so triable.

## COUNT II – CLAIM OF NEGLIGENCE UNDER THE NON-DELEGABLE DUTY DOCTRINE AGAINST DEFENDANT, WAL-MART STORES EAST, LP

13.   Plaintiff reasserts and realleges the allegations contained within paragraphs one (1) through seven (7) as if fully set forth herein.

14.   At said time and place, Defendant owned, controlled, and/or possessed the business premises.

15.   At said time and place, and by virtue of their ownership, control, and/or possession of the premises, Defendant owed Plaintiff a common law non-delegable duty to maintain the premises in a reasonably safe condition.

16.   At said time and place, Defendant breached these duties to Plaintiff by committing one or more of the following omissions or commissions:

 a) Negligently failing to maintain or adequately maintain the floors on the premises, thus creating a hazard to members of the public utilizing said premises, including the Plaintiff herein, thus creating an unreasonably dangerous condition for Plaintiff.

 b) Negligently allowing a liquid substance to remain on the floor, creating a dangerous hazard to members of the public utilizing said premises, including the Plaintiff herein, thus creating an unreasonably dangerous condition for Plaintiff.

 c) Negligently failing to inspect or adequately inspect the floor, as specified above, to ascertain whether the floor was free and clear of all dangerous conditions. The poorly maintained condition of the floor constituted a hazard

    to patrons in the area, including the Plaintiff herein, thus creating an unreasonably dangerous condition to the Plaintiff.

d) Negligently failing to inspect or adequately warn the Plaintiff of the danger of the liquid and whereas a sign was not apparent to guests where the incident occurred when Defendant knew, or through the exercise of reasonable care should have known, that said floor was unreasonably dangerous and that Plaintiff was unaware of same.

e) Negligently failing to correct and/or inspect and/or maintain the unreasonably dangerous condition of the floor, when said condition was either known to Defendant or had existed for a sufficient length of time such that Defendant should have known of same had Defendant exercised reasonable care.

f) Negligently failing to have adequate staff on duty and/or assigned to the task of inspecting and/or maintaining the floors of the premises or dangerous conditions.

g) Negligently failing to train and/or inadequately training its employees to inspect and/or maintain the floors and to provide visibility of notice for dangerous conditions.

h) Negligently failing to follow its own corporate policy(ies) regarding the dangerous condition.

i) Negligently failing to act reasonably under the circumstances.

    17.    As a result, while Plaintiff was visiting Defendant's business, the signage, "Wet Floor" was not near and around the spill site. The Plaintiff slipped and fell to the ground, sustaining significant personal injuries causing severe constant pain in his left knee, frequent aching pain in both arms, neck and severe aching pain in both trapezii and mid back pain.

    18.    As a direct and proximate result of the negligence of the Defendant, Plaintiff suffered bodily injury resulting in pain and suffering to his back, arms and left knee. The Plaintiff has suffered the loss of the enjoyment of life, expense of hospitalization, medical and physical therapy expenses. The losses are either permanent or continuing and Plaintiff will suffer the losses in the future.

WHEREFORE, the Plaintiff, TOMMIE LANDRUM, sues the Defendant, WAL-MART

STORES EAST, LP, for damages and demands within the jurisdictional limits of the court and

demands trial by jury of all issues so triable.

RESPECTFULLY SUBMITTED, this the **23** July 2021.

**HARRY M. McCUMBER MSB #10632**
Morgan & Morgan, PLLC
4450 Old Canton Road, Suite 200
Jackson, MS 39211
Telephone: (601) 718-0921
Facsimile: (601) 503-1650
E-mail: hmccumber@forthepeople.com
*Attorney for the Plaintiff*

## IN THE CIRCUIT COURT OF LAMAR COUNTY, MISSISSIPPI

TOMMIE LANDRUM                                                    **PLAINTIFF**

VS.                                               CAUSE NO. 37:21CV088

WAL-MART STORES EAST, LP;                                         **DEFENDANTS**
AND JOHN DOES 1-10

### SUMMONS

TO:   CT Corporation, Registered Agent
      645 Lakeland East Drive, Suite 101
      Flowood, MS 39232

### NOTICE TO DEFENDANT

**THE COMPLAINT AND DISCOVERY WHICH IS ATTACHED TO THIS SUMMONS IS IMPORTANT AND YOU MUST TAKE IMMEDIATE ACTION TO PROTECT YOUR RIGHTS.**

You are required to mail or hand-deliver a copy of a written response to the Complaint to Harry McCumber, attorney for the Plaintiff, whose address is MORGAN & MORGAN, PLLC, 4450 Old Canton Road, Suite 200, Jackson, Mississippi 39211. Your response must be mailed or delivered within thirty (30) days from the date of delivery of this Summons and Complaint or a judgment by default will be entered against you for the money or other things demanded in the Complaint. Your written responses to the Discovery which is simultaneously being served with the Complaint must be mailed or delivered within forty-five (45) days from the date of delivery of this Summons and Complaint.

You must also file the original of your response with the Clerk of this Court within a reasonable time afterward.

Issued, under my hand and the seal of said Court, this 2 day of August, 2021.

HONORABLE MARTIN HANKINS, CLERK
CIRCUIT COURT OF LAMAR COUNTY

By _____, D.C.

MARTIN HANKINS, CIRCUIT CLERK
LAMAR COUNTY
PO BOX 369
PURVIS, MISSISSIPPI 39475

 CT Corporation

**Service of Process Transmittal**
09/07/2021
CT Log Number 540200099

TO:     Kim Lundy- Email
        Walmart Inc.
        702 SW 8TH ST
        BENTONVILLE, AR 72716-6209

RE:     **Process Served in Mississippi**

FOR:    Wal-Mart Stores East, LP  (Domestic State: DE)

**ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:**

| | |
|---|---|
| **TITLE OF ACTION:** | Re: Landrum Tommie // To: Wal-Mart Stores East, LP |
| **DOCUMENT(S) SERVED:** | Summons, Complaint, Proof of Service |
| **COURT/AGENCY:** | Lamar County - Circuit Court, MS<br>Case # 37CI121CV00088AM |
| **NATURE OF ACTION:** | Personal Injury - Slip/Trip and Fall - 05/28/2020, 6072 US-98, Hattiesburg, MS 39402 |
| **ON WHOM PROCESS WAS SERVED:** | C T Corporation System, Flowood, MS |
| **DATE AND HOUR OF SERVICE:** | By Process Server on 09/07/2021 at 15:00 |
| **JURISDICTION SERVED :** | Mississippi |
| **APPEARANCE OR ANSWER DUE:** | Within 30 days from the date of delivery |
| **ATTORNEY(S) / SENDER(S):** | Harry M. McCumber<br>Morgan & Morgan, PLLC<br>4450 Old Canton Road<br>Suite 200<br>Jackson, MS 39211<br>601-718-0921 |
| **ACTION ITEMS:** | CT has retained the current log, Retain Date: 09/08/2021, Expected Purge Date: 09/13/2021<br><br>Image SOP |
| **REGISTERED AGENT ADDRESS:** | C T Corporation System<br>645 Lakeland East Drive<br>Suite 101<br>Flowood, MS 39232<br>877-564-7529<br>MajorAccountTeam2@wolterskluwer.com |

The information contained in this Transmittal is provided by CT for quick reference only. It does not constitute a legal opinion, and should not otherwise be relied on, as to the nature of action, the amount of damages, the answer date, or any other information contained in the included documents. The recipient(s) of this form is responsible for reviewing and interpreting the included documents and taking appropriate action, including consulting with its legal and other advisors as necessary. CT disclaims all liability for the information contained in this form, including for any omissions or inaccuracies that may be contained therein.